UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-21989-CIV-MORENO**

DUCOOL USA, INC., d/b/a ADVANTIX SYSTEMS,

    Plaintiff,

vs.

PAR FAMILY LIMITED PARTNERSHIP,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

This dispute stems from Defendant's failure to timely provide leased premises to Plaintiff. Defendant has moved to dismiss based on the agreement's exculpatory clause that limits liability for the delay. Because this Court finds the clause is enforceable, the Court grants the motion to dismiss Count 1 of the Complaint.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 10)**, filed on **July 2, 2012**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

### I. Background

Plaintiff, Ducool USA, Inc., d/b/a Advantix Systems, filed suit for breach of contract, breach of lease, and a violation of the implied covenant of good faith and fair dealing. Defendant, PAR

Family Limited Partnership, has moved to dismiss Count 1 of the complaint, citing the exculpatory clause in the contract.

Plaintiff Ducool leases commercial space from Defendant PAR. After Ducool took possession of the leased premises, the parties amended the lease such that PAR agreed to renovate another commercial space in its building to Ducool's specifications and Ducool agreed to relocate to the renovated space upon completion. The parties anticipated the renovation would be complete by March 11, 2012. The relevant amendment to the lease reads as follows:

> 5. Landlord's Work: Possession of New Premises
>
> (a)   Landlord shall use reasonable efforts to deliver the New Premises to Tenant with Landlord's Work substantially complete on or before the date that is five (5) months following the Effective Date of this Amendment [March 11, 2012], subject to delays caused by any circumstance beyond Landlord's reasonable control. *In no event shall Landlord be liable to Tenant for any delay or failure by Landlord to complete Landlord's Work or to deliver the New Premises to Tenant on the date set forth above. . .*

(emphasis added). The clause's exculpatory clause is at issue in the motion to dismiss. Plaintiff claims the clause is ambiguous and unenforceable under Florida law because it does not specify what liabilities are excluded. Plaintiff also claims that even if the clause is enforceable, it may still be entitled to nominal damages. Defendant claims it is grounds to dismiss the breach of contract claim stemming from the failure to deliver the premises to Plaintiff by March 11, 2012.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face

dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III. Legal Analysis

Florida law provides that unambiguous exculpatory clauses are enforceable unless they contravene public policy. *Give Kids the World, Inc. v. Sanislo*, 2012 WL 4838881, *2 (Fla. 5th DCA Oct. 12, 2012); *Eller & Co., Inc. v. Galapagos Line, S.A.*, 493 So. 2d 1061, 1062 (Fla. 3d DCA 1986); *Interfirst Fed. Sav. Bank v. Burke*, 672 So. 2d 90, 92 (Fla. 2d DCA 1996). For example, the Third District Court of Appeal has explained that Florida courts will not enforce exculpatory clauses in cases involving intentional torts and negligence claims. *Burton v. Linotype Co.*, 556 So. 2d 1126, 1128 (Fla. 3d DCA 1989).

Count 1 of the Complaint in this case is for breach of contract based on Defendant's failure to provide the Leased Premises by the March 11, 2012 date. That claim is not one stemming from negligence or fraud. Accordingly, *Burton*'s exemption for intentional torts and negligence is inapplicable. Rather, the Court must decide whether the "wording of the exculpatory clause must

be clear and understandable so that an ordinary and knowledgeable person will know what he or she is contracting away." *Give Kids the World, Inc.*, 2012 WL 4838881, at *2.

Here, the plain language of the clause reflects it limits Defendant's liability for failing to provide the leased premises by the date provided.[1] This clause unambiguously establishes that there can be no claim for breach of contract stemming from delay. The Court notes that the parties negotiated this language at arms-length. The Court is required to give the contract its plain meaning, Because the language limits liability for delay and the claim is one for breach of contract stemming from that delay, the Court must dismiss Count 1 of the Plaintiff's complaint.

Plaintiff is correct that Florida law requires "an award of at least nominal damages *if a breach of contract has been established.*" *Walter International Productions, Inc. v. Salinas*, 650 F.3d 1401, 1418 (11th Cir. 2011) (emphasis added). The Court finds in this case that Plaintiff cannot state a cause of action for breach of contract. The Court is not granting a motion to dismiss based on a failure to set forth damages. Accordingly, because the exculpatory clause exempts Defendant for liability for delay, Plaintiff is not entitled to even nominal damages.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of November, 2012.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

---

[1] It is proper for the Court to consider the exhibits to the complaint, in this particular case, the lease amendment. "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

-4-